UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**REGINA DUNLAP,**

    **Plaintiff**

**v.**                                    **Civil Action No.: 2:05-0631**

**SGS ENVIRONMENTAL SERVICES, INC.,
and STEVE JOHNSON, individually
and as an agent for SGS
Environmental Services, Inc.**

    **Defendants**

## MEMORANDUM OPINION AND ORDER

**Pending before the court is plaintiff's motion to remand, filed August 11, 2005, seeking to remand this case to the Circuit Court of Kanawha County.**

**I.**

**On July 5, 2005, Regina Dunlap ("Dunlap") instituted this action in the Circuit Court of Kanawha County, West Virginia against the defendants, SGS Environmental Services, Inc. ("SGS") and its agent, Steve Johnson ("Johnson"). Dunlap's action was originally filed as one action with two plaintiffs. The other plaintiff, Paul Painter ("Painter"), is or was Dunlap's boyfriend**

1

and co-worker.  Dunlap represents it was necessary that the original complaint, with both parties listed as plaintiffs, be "bifurcated for the court's convenience" into two cases, one for each plaintiff.  (Pl.'s Mot. to Remand ¶¶ 3-4.)  An amended complaint reflecting the bifurcation was filed, on or about July 21, 2005, and then again on or about August 3, 2005.  (Id.)  This action was removed to this court on August 5, 2005.

According to the amended complaint, Dunlap was an employee at SGS and was terminated for (1) having a relationship with her co-worker, Painter, and (2) threatening to report the company's allegedly illegal and improper practices to authorities.[1]  (Compl. ¶¶ 1-4.)  On June 14, 2005, Johnson, the human resources director at SGS, informed both Dunlap and Painter that they were being terminated.  (Id. ¶ 5.)  Dunlap inquired as to the reason for her termination and was informed by Johnson that there were two reasons: (1) her relationship with Mr. Painter, and (2) her threat to report the company on a previous occasion for illegal and improper conduct.[2]  (Id. ¶ 6.)  Dunlap

---

[1]It is unclear from the complaint whether Dunlap is also alleging gender discrimination, age discrimination, or some other form of discrimination.

[2]The complaint of Painter, who is over the age of 40, differs from that of Dunlap inasmuch as he alleges he was discriminated against because of his age and does not allege a

alleges the actions of SGS and Johnson violated both West Virginia's whistleblower statute and anti-discrimination laws. (Id. ¶¶ 8-9.)  Additionally, Dunlap contends she was treated differently than similarly situated employees.  (Id. ¶ 10.)

Dunlap asserts she has suffered lost wages, mental anguish, and emotional distress.  (Id. ¶ 12.)  Dunlap's complaint, filed in the Circuit Court of Kanawha County, does not itemize damages, but rather seeks (1) compensatory and punitive damages for lost wages and infliction of emotional distress, and (2) the cost of this litigation, and other like damages against defendants in an amount yet to be determined but within the jurisdictional limits of the state court.  (Id.)

On August 5, 2005, SGS and Johnson filed a notice of removal with this court asserting jurisdiction was proper as complete diversity existed between the parties and the allegations of the amended complaint exceed $75,000.  (Def.'s Notice of Removal at 1.)  In response to the notice of removal, Dunlap filed a terse motion to remand on August 11, 2005.  In the motion, Dunlap asserts defendants failed to demonstrate the amount in controversy reaches the $75,000 level, and that the

---

violation of the whistleblower statute.

"[d]efendant is not a residence [sic] or domicile of the state of West Virginia."[3] (Pl.'s Motion to Remand 1.)

On August 18, 2005, SGS and Johnson filed an equally terse response to Dunlap's motion to remand, asserting that absent a verified affidavit from plaintiff stipulating she is seeking an amount less than $75,000, jurisdiction is proper based upon the allegations contained in the complaint.  Additionally, in their response to the motion to remand, SGS and Johnson contend that Johnson is a resident of the state of Illinois and attest to that fact in an affidavit attached to the response.  Dunlap did not file a reply to this response.[4]

## II.

Subject to limited exceptions, a defendant may transfer a case from state court to federal court if the action is one of which the district courts of the United States have original jurisdiction.  28 U.S.C.A. § 1441(a).  Removal statutes must be construed in light of the federalism concerns that animate the

---

[3]In her motion, Dunlap did not identify which defendant has failed to demonstrate diversity.

[4]The motion to remand and the response in this case are identical to those presented in the companion case, Paul Painter v. SGS Environmental Services, Inc., et al.; Civil Action No.: 2:05-0632.

policy of strictly confining federal jurisdiction within the congressionally-set limits.  Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941).  The policy of the statute calls for its strict construction.  Healy v. Ratta, 292 U.S. 263, 270 (1934).  A case must be remanded if federal jurisdiction is doubtful.  Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994).

Federal district courts have original jurisdiction of actions between citizens of different states in which the matter in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C.A. § 1332(a).  A defendant who removes a case from state court in which the damages sought are unspecified, asserting the existence of federal diversity jurisdiction, must prove by a preponderance of the evidence that the value of the matter in controversy exceeds the jurisdictional amount.  Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1357 (11th Cir. 1996); Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992); Landmark Corp. v. Apogee Coal Co., 945 F. Supp. 932, 935 (S.D. W. Va. 1996).  If not specified in the complaint, the amount in controversy must be determined on the likely monetary relief that may be granted to a plaintiff if he succeeds on all of his claims asserted in good faith.  Landmark Corp., 945 F. Supp. at 936-37.  Indeed, the

amount in controversy is determined by considering the judgment that would be entered if the plaintiff prevailed on the merits of his case as it stands at the time of removal.  Sayre v. Potts, 32 F. Supp.2d 881, 886 (S.D. W. Va. 1999) (citing Landmark Corp., 945 F. Supp. at 936-37).  In calculating that amount, the court may consider the "'entire record before it and make an independent evaluation'" of whether the amount in controversy is satisfied.  Sayre, 32 F. Supp.2d at 886 (citing White v. J.C. Penney Life Ins. Co., 861 F. Supp. 25, 27 (S.D. W.Va. 1994) (citation omitted)).

### III.

Defendants' contention that plaintiff's motion to remand should be denied because she failed to file a verified affidavit stipulating that she is seeking an amount less than $75,000 is without merit.  Defendants cite no law to support this proposition.  However, it appears that defendants are referring to the holding in McCoy v. Erie Ins. Co., 147 F. Supp.2d 481 (S.D. W.Va. 2001).  In that case, Judge Haden noted a plaintiff seeking to avoid removal should submit a binding stipulation, contemporaneously with the complaint, in which the plaintiff assures the amount in controversy is less than $75,000.  McCoy,

6

147 F. Supp.2d at 485-86 (citing <u>DeAguilar v. Boeing Co.</u>, 47 F.3d 1404, 1412 (5th Cir. 1995)).  While <u>McCoy</u> gives plaintiffs guidance on avoiding removal to federal court, it does not relieve defendants of the burden to demonstrate by a preponderance of the evidence that the value of the matter in controversy exceeds the jurisdictional amount.  In a case such as this, where the damages sought are unspecified, it is defendants, not plaintiffs, who bear this burden.

Furthermore, defendants cannot satisfy this burden simply by reciting that the statutory prerequisite is met.  Rather they must supply evidence to support this claim.  <u>See</u> <u>Sayre v. Potts</u>, 32 F. Supp.2d 881, 885 (S.D.W.Va. 1999).  Defendants have provided no evidence with respect to lost wages, other compensatory damages, or punitive damages.  This evidence would not have been difficult to find as defendant Johnson, the human resources director for SGS, would likely have in his possession the necessary salary information to calculate compensatory damages from which a punitive damages figure could then be derived.

Given defendants' failure to provide any evidence or substantive analysis suggesting the amount in controversy is greater than $75,000, the court concludes the defendants have

7

failed to meet their burden of demonstrating that the amount in controversy requirement has been satisfied.

For the reasons set forth, it is accordingly ORDERED that Dunlap's motion to remand be, and it hereby is, granted.

The Clerk is directed to forward copies of this order to all counsel of record.

DATED: November 17, 2005

John T. Copenhaver, Jr.
United States District Judge

8